|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |
| 8 |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| GAYLYNN RICHARDS, | Civil No.  3:07-CV-5390-RBL-KLS |
|---|---|
| Plaintiff, |   |
| vs. | ORDER FOR REMAND |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, |   |
| Defendant. |   |

The COURT, upon review of the record herein, and noting the stipulation of the parties, does hereby ORDER:

The above-captioned case is reversed and remanded to the Commissioner of Social Security (Commissioner) for further administrative proceedings under sentence four of 42 U.S.C. Section 405(g).

On remand, the Appeals Council shall direct an Administrative Law Judge (ALJ) to the Appeals Council will direct an Administrative Law Judge (ALJ) to:

Page 1    PROPOSED ORDER - [07-5390 RBL/KLS]

(1) Obtain evidence from a medical expert to clarify the nature and severity of Plaintiff's pain disorder impairment during the period at issue. 20 C.F.R. § 404.1527(f); Social Security Ruling (SSR) 96-6p, available at 1996 WL 374180.

(2) Give further consideration to the treating and examining source opinions, including the opinion evidence provided by Katherine A. Brzezinski-Stein, M.D. 20 C.F.R. § 404.1527; SSR 96-2p, available at 1996 WL 374188; SSR 96 5p, , available at 1996 WL 374183.

(3) Giver further consideration to nonexamining source opinions, including the opinion evidence provided by Trevelyan Houck, Ph.D. 20 C.F.R. § 404.1527(f); SSR 96-6p.

(4) The hearing decision should provide rationale that clearly explains the weight given to such opinion evidence and the specific reasoning for the weight given.

(5) As appropriate, the ALJ may request the treating and examining sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what Plaintiff can still do despite the impairments through September 30, 2000. 20 C.F.R. § 404.1512.

(6) As necessary, the ALJ will further evaluate Plaintiff's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms. 20 C.F.R. § 404.1529; SSR 96-7p, available at 1996 WL 374186.

(7) The ALJ will give further consideration to Plaintiff's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations. 20 C.F.R. § 404.1545; SSR 96-8p.

1  (8)  The ALJ will obtain supplemental evidence from a vocational expert to clarify the
2  effect of the assessed limitations on Plaintiff's occupational base. SSR 83-12, , available at 1983
3  31253; SSR 83-14, available at 1983 31254.
4
5  (9)  The hypothetical questions should clearly reflect the specific capacity/limitations
6  established by the record as a whole. The ALJ will ask the vocational expert to identify examples
7  of appropriate jobs and to state the incidence of such jobs in the national economy.
8  20 C.F.R. § 404.1566. Further, before relying on the vocational expert evidence the ALJ will
9
10 identify and resolve any conflicts between the occupational evidence provided by the vocational
11 expert and information in the Dictionary of Occupational Titles (DOT) and its companion
12 publication, the Selected Characteristics of Occupations. SSR 00-4p, available at 2000 WL
13 1898704.
14 ///
15
16
17 ///
18
19 ///
20
21
22 ///
23
24 ///
25
26
27
28 Page 3     PROPOSED ORDER - [07-5390 RBL/KLS]

(10) Reasonable attorney fees shall be awarded, upon proper application, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412

DATED this 13th day of February, 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Recommended for entry by

s/Karen L. Strombom_____
UNITED STATES MAGISTRATE JUDGE

Presentd by:

s/ TERRYE E. SHEA,   WSB # 27609
Special Assistant U.S. Attorney
Attorney for Defendant
Office of the General Counsel
701 Fifth Ave, Ste 2900, M/S 901
Phone:  206-615-2143
Fax:      206-615-2531
terrye.shea@ssa.gov